The next case on the calendar is United States v. Hollins The next case on the calendar is United States v. Barclay-Johnson Mr. Andrew Hollins, because Mr. Hollins was serving a New York State sentence when he was transferred into federal custody, none of his time on federal pretrial detention would count toward his federal sentence, even though his earliest release date and his statutory conditional release date in New York passed while he was in federal custody awaiting sentencing. He raised this issue at his change of plea in a motion to be returned to state court, at a hearing on that motion, in a sentencing memorandum, and at the sentencing hearing. And while the district court denied his request to be returned to New York, the court said it would be receptive to that argument at sentencing, it would listen to the arguments at sentencing, and try to take the credit for his time in federal pretrial detention was the central issue at his sentencing. Didn't she also, though, at that hearing express some skepticism, saying, well, if it's appropriate, but she expressed some skepticism that your client would be, in fact, would have been paroled if he'd been in New York? She did. The record, though, shows that counsel spoke with staff at the New York parole board and reported to the court that it was pretty likely that he'd be paroled on his conditional release date, the earliest release date having already passed. I think to that we can add that New York conditional release is a statutory type of release that's generally available to people so long as they're in state custody. But doesn't that argument you're making now really go to whether you think the district court got it wrong and should have granted him release, should have made a different assessment of whether he would have likely been released by New York authorities, which is different, I thought, from your argument that the district court misapprehended its ability to decide whether to give him a lower sentence because of this back and forth between New York and federal custody and that she didn't, in fact, make a decision? Those strike me as two different arguments. One is that she made the wrong decision and one is that she didn't actually decide. We're arguing both of them. Judge Livingston's reference to the comments were two different arguments. The first one was November 26th, the sentencing hearing was January 31st of the following year. It's not very long time. It seems that part of your argument is suggesting to us that she must have forgotten to make a decision. Which strikes me as not very plausible. I wouldn't say forgotten. I would say, you know, the interaction of federal and state sentences is one of the more complicated things we deal with, and I think the court did, in fact, get it wrong, did, in fact, not rule on the request. Okay. I'm sorry. Now I'm hearing three. I thought that there were two coming in. Judge Nardini pointed to what I think a third, and it would help me. So one is she ignored your argument, which is what I thought you started off by saying. The second is that she didn't think she could depart from the guidelines. And then the third is she got it wrong. Are you making two of those three, one of those three, all three of those three? We're making two arguments. One, that she did not, in fact, rule on his request. So that's the ignored court, right? Okay. And then, so you have abandoned your she didn't think she didn't have the power? No, I think that the... ...